IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-1050
════════════
 
Zachry Construction Corporation, et 
al., Petitioners,
 
v.
 
Texas A&M University, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Tenth 
District of Texas
════════════════════════════════════════════════════
 
 
Argued September 8, 2009
 
 
PER CURIAM
            

 
            
Justice 
Willett 
did not participate in the 
decision.
 
 
            
We granted review in this personal-injury and wrongful-death case to 
determine whether Texas A & M University (TAMU) is 
a responsible third party whose percentage of responsibility must be submitted 
to the trier of fact. Tex. Civ. Prac. & Rem. 
Code § 33.003(4).1 The plaintiffs have settled and dismissed 
their claims against TAMU, and the parties now agree that the trial court may 
submit TAMU’s percentage of responsibility to the jury 
as a “settling person.” Accordingly, without reference to the merits of the 
court of appeals’ decision, we withdraw our order granting the petitions as 
improvidently granted.
            
This case arose out of the TAMU bonfire collapse that occurred in 1999. 
Several injured students and family members of students who were killed in the 
collapse sued TAMU and others involved in the planning and construction of the 
bonfire structure, including Zachry Construction Corp. 
(Zachry) and Scott-Macon, Ltd. (Scott-Macon). The 
plaintiffs subsequently non-suited their claims against TAMU, and Zachry and Scott-Macon filed separate cross-actions and 
third-party petitions seeking to have TAMU designated as a responsible third 
party so that its percentage of responsibility could be submitted to the jury. 
Zachry and Scott-Macon contend they did not intend to 
impose actual party status or liability on the University; rather, they sought 
to have TAMU listed on the jury verdict form for a determination of its 
proportionate responsibility. TAMU challenged its designation as a responsible 
third party on sovereign immunity grounds. The trial court rejected TAMU’s arguments, but the court of appeals reversed and 
rendered judgment dismissing all claims against TAMU. 236 S.W. 
3rd 801.
            
Zachry and Scott-Macon filed petitions for 
review in this Court. Shortly after briefing on the merits was completed, the 
University entered into a master settlement agreement with the plaintiffs. We 
granted the petitions for review, but before oral argument TAMU filed a motion 
to dismiss the case as moot. According to TAMU, because the University is now a 
“settling person,” the issue of whether it will be placed on the jury verdict 
form is now moot.
            
TAMU’s status as a “settling person” is not in 
dispute. Pursuant to section 33.003(3) of the Texas Civil Practice and Remedies 
Code, the jury is required to make a determination of proportionate 
responsibility as to “each settling person.” Therefore, in light of the 
University’s status as a “settling person,” and without reference to the merits 
of the court of appeals’ decision, we withdraw our order granting the petitions 
for review as improvidently granted and deny the petitions for 
review.
 
 
OPINION DELIVERED: November 20, 2009






[1] Former 
section 33.003 provides that the trier of fact shall 
determine the percentage of responsibility of
(1) each claimant;
(2) each defendant;
(3) each settling person; and
(4) each responsible third party who has been joined under 
Section 33.004.
 
Act of May 
4, 1995, 74th Leg., R.S., ch. 136, § 1, 1996 Tex. Gen. 
Laws 971, 972, amended by Act of June 1, 2003, 78th Leg., R.S., ch. 204 , § 3.03, 2003 Tex. Gen. Laws 847, 855 (current 
version at Tex. Civ. Prac. & Rem. Code § 
33.003). All citations to section 33.003 in this opinion 
refer to this version of the statute.